```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____

KEITH L. FRANCIS,               )
                                )
     Plaintiff,                 )
                                )
v.                              )     No. 22-cv-1012-TMP
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
     Defendant.                 )
_____

     ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
_____
```

On January 21, 2022, Keith L. Francis filed a Complaint seeking judicial review of a social security decision.[1] (ECF No. 1.) Francis seeks to appeal a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II disability benefits and Title XVI supplemental security income. (R. 19.) For the following reasons, the decision of the Commissioner is REVERSED and REMANDED.

## I. BACKGROUND

### A. Procedural History

On September 23, 2019, Francis filed applications for Title II disability insurance benefits and Title XVI supplemental

---

[1] After the parties consented to the jurisdiction of a United States magistrate judge on May 31, 2022, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 13.)

security income. (R. 13.) He alleged a disability onset date of March 31, 2019. (Id.) His claims were denied initially on December 26, 2019, and again upon reconsideration on August 5, 2020. (Id.) Francis filed a request for a hearing, which was held on February 24, 2021. (Id.) The ALJ issued a decision on March 3, 2021. (R. 19.) There, he determined that Francis was not disabled under §§ 1614(a)(3)(A), 216(i), and 223(d) of the Social Security Act ("the Act"). (R. 19.) On December 22, 2022, the Appeals Council denied Francis's request for further review. (R. 1.) He filed his complaint in the instant case on January 21, 2022. (ECF No. 1.)

Francis has exhausted his administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner. Judicial review of the Commissioner's final decision is available if requested within sixty days of the mailing of the decision. 42 U.S.C. § 405(g). Francis timely filed the instant action. (ECF No. 1.)

**B.   The ALJ's Decision and the Five-Step Analysis**

After considering the record and the testimony given at the hearing, the ALJ used the five-step analysis set forth in the Social Security Regulations to conclude that Francis was not disabled. (R. 19.) See 20 C.F.R. § 404.1520(a). That five-step sequential analysis is as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 420–21 (6th Cir. 2013) (citing Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374-75 (6th Cir. 2013)). "The claimant bears the burden of proof through the first four steps of the inquiry, at which point the burden shifts to the Commissioner to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (quoting Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003)).

Prior to proceeding to the first step, the ALJ made the following observation about Francis's application for Title II disability benefits:

> With respect to the claim for a period of disability and disability insurance benefits, there is an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met. The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through September 30, 2001. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

(R. 13.)

At the first step, the ALJ found that Francis had not engaged in substantial gainful activity since March 31, 2019, the alleged onset date. (R. 15.) While the ALJ observed that Francis occasionally does odd jobs to earn money for food, this work activity did not rise to the level of substantial gainful activity. (Id.) At the second step, the ALJ found that Francis experienced severe impairments including diabetes mellitus and cataracts. (Id.) At the third step, the ALJ found that Francis did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App 1. (R. 16.)

When a claimant's impairments do not meet or equal a Listed Impairment, an assessment of their residual functional capacity ("RFC") is conducted based on all the relevant medical and other evidence in the case record. 20 C.F.R. § 404.1520(e). The RFC is used at step four and, if necessary, step five in the process. First, at step four, it is used to determine whether the

-4-

claimant can perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). If a claimant has the RFC to perform their past relevant work, they are not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

In calculating Francis's RFC, the ALJ noted that Francis "alleged disability due to rapidly progressing cataracts that were not always helped by prescription lenses and would result in blindness without surgery" and that "medical evidence also shows that the claimant has diabetes mellitus." (R. 16.) Regarding these impairments, the ALJ wrote:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R. 17.)

The ALJ then continued his RFC determination by analyzing available medical testimony regarding Francis's cataracts. (Id.) He noted that "[t]he treatment records as well as the consultative examination well support the claimant's allegations of visual limitations due to cataracts." (Id.) He excerpted the

opinion of Dr. Emily Graves, a consultative examiner who tested Francis's vision in 2020[2] and concluded:

> Based upon the claimant's history, my observation, and my examination, the patient has no limitation of visual status in the right eye in terms of acuity. He has marked limitation of acuity in the left eye due to cataract, cataract surgery is expected to improve visual status in the left eye. Until that time, the patient is monocular and as such is expected to have difficulty with tasks requiring depth perception such as operating a forklift, aircraft, or commercial vehicle.

(Id.) The ALJ stated that this opinion was persuasive and well supported by Dr. Graves's examination and field of expertise. (Id.) The ALJ also cited to examinations performed in 2019 and 2020 by Dr. Jennifer Elder, who stated that Francis's "vision tested at 20/40 in the right eye in December 2019 and was still 20/40 in July 2020." (Id.) In 2019, Dr. Elder also opined that Francis's "vision was expected to significantly worsen." (Id.) The ALJ found that Dr. Elder's opinion had "[s]ome persuasive value . . . insofar as the claimant's visual abilities as of December 2019," but noted that "Dr. Elder also opined that the claimant's vision was expected to significantly worsen, a change that has not apparently occurred." (Id.) Finally, the ALJ noted that the determinations by state agency reviewers, which consisted of eye examinations by Dr. Michael Ryan (R. 43) and

---

[2]The ALJ's opinion states that Dr. Graves's examination took place in 2002. Francis's medical records reveal that this examination actually took place in 2020. (R. 303.)

Dr. Leah Umphlett (R. 71), were persuasive. (Id.) Based on these opinions, the ALJ found that Francis's monocular vision was "limiting" but "relatively stable." (Id.) Ultimately, the ALJ found that Francis had the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot climb ladders, ropes, scaffolds; cannot work at unprotected heights or with dangerous machinery; and would be limited to jobs that could be performed with monocular vision." (R. 16.) Thus, Francis was unable to perform his past relevant work as a painter. (R. 18.)

At step five, the ALJ considered Francis's RFC as well as other factors in order to determine whether he could perform other work. (R. 18.) The ALJ noted that Francis was sixty years old at the time of the alleged disability onset date with a limited education. (Id.) He also considered the testimony of a vocational expert, who testified that someone with Francis's capacity would be capable of working as a dishwasher, furniture assembler, or sandwich maker. (R. 19.) The ALJ did not consider the transferability of Francis's job skills, writing that transferability "is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills." (R. 18.) Based on these findings, the ALJ found that "there are jobs

that exist in significant numbers in the national economy that the claimant can perform." (R. 19.) The ALJ therefore held that a finding of "not disabled" was appropriate. (Id.)

Francis now seeks judicial review of the ALJ's decision. He argues that the ALJ did not consider Francis's diabetes mellitus, his osteoarthritis, or his right-eye cataract in determining his RFC. (ECF No. 19.) He also argues that the ALJ incorrectly failed to consider transferability of job skills in determining whether Francis was disabled. (Id.) The Commissioner contends that substantial evidence supports the ALJ's RFC determination and his finding that Francis retained the ability to perform other work existing in significant numbers in the national economy. (ECF No. 20.)

## II.  ANALYSIS

### A.  Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which they were a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the

-8-

Commissioner used the proper legal criteria in making the decision. Id.; Cardew v. Comm'r of Soc. Sec., 896 F.3d 742, 745 (6th Cir. 2018); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713

(6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

**B.   The ALJ's RFC Analysis**

Francis argues that the ALJ erred in not considering his diabetes mellitus, osteoarthritis, and right-eye cataracts in determining Francis's RFC. (ECF No. 19.) "[I]n assessing the claimant's RFC, social security regulations require the ALJ to consider the limiting effects of all impairments – severe and non-severe." Katona v. Comm'r of Soc. Sec., No. 14-CV-10417, 2015 WL 871617, at *5 (E.D. Mich. Feb. 27, 2015) (citing White v. Comm'r of Soc. Sec., 312 F. App'x 779, 787 (6th Cir. 2009)); see also 20 C.F.R. §§ 404.1523, 404.1545(e). "[A] failure on the part of an ALJ to consider an impairment that allegedly results in a limitation in a claimant's ability to engage in work-related activities is not harmless if the RFC found by the ALJ does not address that limitation." Gary M. v. Comm'r of Soc. Sec., No. 3:21-CV-120, 2023 WL 195284, at *4 (S.D. Ohio Jan. 17, 2023) (citing Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 326 (6th Cir. 2015)). Thus, when an ALJ fails to consider the work-

-10-

related limitations caused by a claimant's impairment in determining their RFC, that is grounds for reversal. See, e.g., Simpson v. Comm'r of Soc. Sec., 344 F. App'x 181, 194 (6th Cir. 2009); Gary M., 2023 WL 195284, at *4; Tharp v. Comm'r of Soc. Sec. Admin., No. 1:21-CV-00135, 2022 WL 2195056, at *1 (N.D. Ohio Apr. 11, 2022), report and recommendation adopted sub nom. Tharp v. Kijakazi, No. 1:21-CV-00135, 2022 WL 2192941 (N.D. Ohio June 17, 2022).

At step two, the ALJ found that Francis suffered from two severe impairments: diabetes mellitus and cataracts. (R. 15.) He noted that these impairments "significantly limit the ability to perform basic work activities." (R. 16.) In determining Francis's RFC, the ALJ wrote:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R. 17.) In support of this conclusion, the ALJ went on to weigh the credibility of the medical evidence regarding Francis's cataracts. (Id.) The ALJ did not provide any discussion of any of Francis's other impairments, including diabetes mellitus, which the ALJ had explicitly found to be a severe impairment. (Id.)

The Commissioner argues that the ALJ properly assessed Francis's visual limitations in calculating his RFC. (ECF No. 20 at PageID 400.) He further asserts that the ALJ correctly omitted the limitations arising from Francis's osteoarthritis. (Id. at PageID 402.) But the Commissioner makes no mention of the ALJ's failure to consider the effects of Francis's diabetes mellitus – an impairment that the ALJ himself found was severe. (R. 15.)

The ALJ was required to assess the limiting effects of all of Francis's impairments in determining his RFC. White, 312 F. App'x at 787. Yet, the ALJ's opinion does not indicate that he considered the effects of any of Francis's impairments beyond his cataracts. For these reasons, the matter is reversed and remanded to provide the ALJ the opportunity to consider all of Francis's impairments in determining his RFC.

## C. The ALJ's Step Five Analysis

Francis also argues that the ALJ erred in not considering transferability of his job skills at the fifth step. (ECF No. 19.) On remand, consideration of all of Francis's impairments may result in a different RFC, which could change the ALJ's subsequent analysis at step five. The undersigned will therefore not reach the question of whether step five was properly performed in the instant case.

### III. CONCLUSION

-13-

For the reasons above, the decision of the Commissioner is REVERSED and REMANDED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 9, 2023
Date

-13-