```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    EASTERN DIVISION
```

| | |
|---|---|
| KEITH LEON FRANCIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 22-CV-01012-TMP |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES**

Before the court is Keith L. Francis' Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 28.) For the reasons contained herein, the undersigned GRANTS the motion but reduces the award of attorney fees to $6,176.41.

### I.  BACKGROUND

Francis filed this action to obtain judicial review of the determination that he was ineligible for disability benefits. (ECF No. 1.) The court entered an order reversing and remanding the decision on March 9, 2022. (ECF No. 28-1.) Francis filed the present motion for attorney fees under the EAJA on May 8, 2023, requesting $7,846.76 in fees and expenses. (ECF No. 28.) The request in fees was based on submitted time sheets, which show that counsel for Francis billed a total of 34.6 hours at a rate of $225.71 and expenses of $37.10. (Id. at PageID 427.) The

Commissioner of the Social Security Administration ("Commissioner") filed a response on May 17, 2023. (ECF No. 29 at PageID 436.) The Commissioner does not object to the award of attorney fees and expenses under the EAJA, but objects to Francis' requested fees because the request includes "unreasonable time and tasks that did not require attorney-level work" and are not to be compensated under the EAJA. (ECF No. 29 at PageID 436.) The Commissioner requests that the number of hours be reduced to 20.0 and the award be reduced to $4,551.30 in fees and expenses. (Id. at PageID 440.)

## II.  ANALYSIS

### A.  Francis is a Prevailing Party

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Francis obtained an order from the court remanding the Commissioner's decision, so he qualifies as a prevailing party under the EAJA. No special circumstances are present that would make an award unjust. Therefore, Francis is entitled to an award of attorney fees.

**B.     Time Entries for Clerical Work**

The Commissioner objects to the billed entries that are clerical and not requiring attorney level compensation. (ECF No. 29 at PageID 438-39.) Billed entries such as copying, mailing, forwarding, printing, calendaring, filing, and file organization are "strictly clerical in nature" and are ineligible for reimbursement under EAJA. Hymphreys v. Kijakazi, No. 3:21-cv-234-DCP, 2022 WL 17573908, at *3 (E.D. Tenn. Dec. 9, 2022). Francis argues that all "clerical" tasks must be performed by the attorney because non-attorney help is unavailable. (ECF No. 31 at PageID 445.) However, there is a distinction between legal work and clerical work that can be performed by non-lawyers and work that a lawyer may do because she has no other help available. Miller v. Comm'r of Soc. Sec., 346 F. Supp. 3d 1018, 1033 (E.D. Mich. 2018). "[F]ee requests for tasks that are purely clerical or secretarial in nature are not compensable." Shedd v. Kijakazi, No. 3:20-cv-119-CLC-HBG, 2021 WL 4693179, at *3 (E.D. Tenn. Sept. 20, 2021) (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("'[P]urely clerical or secretarial tasks should not be billed' under fee shifting statutes, 'regardless of who performs them.'"). The "dollar value of clerical work is not enhanced" just because a lawyer performs the tasks. Miller, 346 F. Supp. 3d at 1033.

Francis' time entries include 5.40 hours of billed clerical tasks, such as collecting documents, filing, receiving summons, downloading, and printing. (ECF No. 28-1 at PageID 431-32.) These tasks do not require legal work and are ineligible for reimbursement under EAJA. Therefore, Francis' time billed for clerical must be reduced by 5.40 hours.

**C.   Time Entries for Seeking Time Extensions**

Additionally, the Commissioner objects to the 2.00 hours billed for time spent to secure four extensions to file a brief. (ECF No. 29 at PageID 438.) Francis argues that the extensions were properly filed based on the case's timeline and should be reimbursed under EAJA. (ECF No. 31 at PageID 445.) However, "as with clerical tasks, courts have held that time that a plaintiff's counsel spent to secure an extension of time to file a brief should not be charged to the government." McClenton v. Comm'r of Soc. Sec., 1:22-cv-00456, 2023 WL 2726055, at *2 (W.D. Mich. Mar. 20, 2023); see also Miller, 346 F. Supp. 3d at 1032 ("But the Court agrees that the time spent by counsel . . . moving for an extension of time to file a reply brief . . . [is] not reasonably expended and therefore [is] not properly charged to Defendant."). Because the time spent securing extensions to file a brief cannot be charged to the government, the attorney fees are ineligible for compensation under EAJA. Therefore,

- 4 -

Francis' billed time for filing extensions must be reduced an additional 2.00 hours.

**D.   Time Entries for Drafting Complaint**

Finally, the Commissioner objects to the 6.50 hours billed for time spent drafting the complaint. (ECF No. 29 at PageID 437.) Francis contends that all time billed is true and accurate. (ECF No. 31 at PageID 444.) Francis is adamant the time billed for drafting a complaint is "fair and conservative." (Id.) Francis cites to Hensley arguing that his attorney should be afforded "billing judgment" with respect to hours worked. Hensley v. Eckerhart, 461 U.S. 424, 427 (1983). The time sheets indicate that the time spent drafting the complaint included drafting the complaint itself, communicating with the client, and reviewing the record, and 6.5 hours to perform those tasks is not unreasonable. Therefore, the time entries for drafting the complaint will not be reduced.

### III. CONCLUSION

It is hereby ORDERED that Francis is awarded attorney fees and expenses under the EAJA in the amount of $6,176.41, made payable to Francis' attorney, as Francis has assigned these funds to his attorney.

Remittance of the awarded attorney fees will be contingent upon a determination by the government that Francis owes no debt(s) to the government that is subject to offset. If such a

debt(s) exist, the government may make the entire EAJA fee payable to Francis and then use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010).

    IT IS SO ORDERED.

                                  s/ Tu M. Pham
                                  TU M. PHAM
                                  Chief United States Magistrate Judge

                                  September 29, 2023
                                  Date